IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES COPPEDGE and <br> KRISHA JOHNSON COPPEDGE, <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL T. CONWAY, ESQ., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. Action No. 14-1477-GMS <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM**

### I. **INTRODUCTION**

The plaintiffs James Coppedge ("J. Coppedge") and Krisha Johnson Coppedge ("K. Coppedge) (together "the plaintiffs") filed this action as a "Notice of Appeal" from a final order of the Supreme Court of Delaware to the Controller of Currency, U.S. Treasury Department, the Justice Department, and the U.S. District Court of Delaware. (D.I. 1.) The plaintiffs "request a 120 day extension to file in order to claim remedy for errors in the lower court's opinions." (*Id.*) The plaintiffs appear *pro se* and have paid the filing fee.

On December 19, 2014, the plaintiffs filed a motion to stay/injunction "for appellees wrongful proceedings, cancellation of Sheriff's sale for lack of personal and subject matter jurisdiction, and void judgment for failure to state a claim per FRCP Rule 60(b)(6)" on the grounds of fraud, misrepresentation, other adversary misconduct, and void judgment of mortgage fraud." (D.I. 3.) There is no indication on the court docket that the defendants were served with process or received a service copy of the motion for injunctive relief.

## II. BACKGROUND

The following facts are taken from the Delaware Supreme Court decision, *Coppedge v. US Bank Nat'l Assoc.*, No. 466, 2014 (Del. Nov. 5, 2014). In February 2011, American Home Mortgage Bank ("the Bank) filed a complaint against the plaintiffs seeking to foreclose on their property located at 52 Barkley Court in Dover, Delaware, due to their failure to make mortgage payments. The Bank moved for summary judgment and to enter judgment in its favor. By an order and opinion dated September 15, 2011, the Superior Court, granted the Bank's motion for summary judgment. On appeal, the Delaware Supreme Court affirmed the judgment of the Superior Court. *See Coppedge v. US Bank Nat'l Ass'n*, 2011 WL 6393197 (Del. Dec. 19, 2011).

The Bank proceeded to a sheriff's sale, but the sale was stayed after the plaintiffs filed for bankruptcy. Once the bankruptcy action was dismissed, the Bank filed an alias writ of *levari facias* on June 10, 2014 to reinitiate the sale process. J. Coppedge then filed a "petition/motion to set aside judgment of sheriff's sale due to full settlement of the accounting and stay proceeding pending trial by jury" opposed by the bank who argued that the mortgage remained in default. The Delaware Superior Court denied J. Coppedge's motion. The plaintiffs appealed to the Delaware Supreme Court.

The Delaware Supreme Court noted that the mortgage debt remained unsatisfied and found no merit to the issues raised by the plaintiffs. The Delaware Supreme Court found that the Superior Court did not err in concluding that there was no basis for setting aside the prior judgment and in denying the motion to set aside the prior judgment and to stay the Sheriff's sale. On November 5, 2014, the Delaware Supreme Court affirmed the judgment of the Superior Court. *Coppedge v. US Bank Nat'l Assoc.*, No. 466, 2014 (Del. Nov. 5, 2014). The plaintiffs filed a motion for rehearing *en banc* of the November 4, 2014 order. (D.I. 1, ex.) On November

25, 2014, the Delaware Supreme Court denied the motion finding no basis to grant rehearing *en banc*. (*Id.*) The plaintiffs filed the instant action on December 12, 2014.

## III. LEGAL STANDARD

When considering a motion for a temporary restraining order or preliminary injunction, the court considers "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party, and (4) whether the relief is in the public interest." *Swartzwelder v. McNeilly*, 297 F.3d 228, 234 (3d Cir. 2002)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). It is the plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90 (3d Cir. 1992). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153.

## IV. DISCUSSION

The relief sought by the plaintiffs is barred by the *Rooker-Feldman* Doctrine. In addition, the Anti-Injunction Act weighs against granting the motion.

The *Rooker-Feldman* doctrine prohibits this court from maintaining subject matter jurisdiction over the plaintiffs' appeal and motion, both of which effectively seek to vacate the findings of the Delaware Supreme Court. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging

3

'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (citations omitted). The court finds that the *Rooker-Feldman* doctrine claim bars the plaintiffs' claim because the relief they seek would require "(1) the federal court [to] determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court [to] take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005). Throughout the mortgage foreclosure action, the Delaware Courts have ruled against the plaintiffs. In essence, the plaintiffs ask this the court to determine that those rulings were in error and to grant relief in the form of an injunction to stay the State Court proceedings (which have concluded following the denial of the motion for a rehearing *en banc*) and/or to enjoin or cancel a Sheriff's sale of the foreclosed property. The plaintiffs also wish this court to act as a court of review of the State Court decisions by reason of their "appeal." This court does not have the power to grant these requests.

In addition, the Anti-Injunction Act prohibits the federal courts from interfering with proceedings in the state courts. "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. *See Becker v. Evans*, 496 F. Supp. 20, 21 (M.D. Pa. 1980) ("State court proceedings to enforce a state court judgment have been found not to come within any of [the three exceptions of the Anti-Injunction Act], and therefore the district court lacks jurisdiction to issue the injunction [to stay the writ of execution on a state court judgment]."); *Clark v. United States Bank Nat'l Ass'n*, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004) ("The Anti-Injunction Act simply does not

4

allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute.") (citations omitted).

Finally, this court does not have subject matter jurisdiction over the plaintiffs' action under the *Rooker-Feldman* doctrine. *See Burgos v. McEwan*, 413 F. App'x 469 (3d Cir. 2011) (unpublished) (*sua sponte* dismissal of the complaint as clearly barred by the *Rooker-Feldman* doctrine); *Van Tassel v. Lawrence Cnty. Domestic Relations Sections*, 390 F. App'x 201 (3d Cir. 2010) (unpublished) (affirming district court's sua sponte dismissal of complaint under *Rooker-Feldman*); *White v. Rabner*, 349 F. App'x 681 (3d Cir. 2009) (affirming district court's *sua sponte* dismissal of complaint under *Rooker-Feldman*). Because the court lacks subject matter jurisdiction, the case must be dismissed.

## V. CONCLUSION

For the above reasons, the court will deny the motion to stay/injunction (D.I. 3), and will dismiss the case for want of subject matter jurisdiction. A separate order shall issue.

UNITED STATES DISTRICT JUDGE

Jan 12, 2015
Wilmington, Delaware

5