IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES COPPEDGE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. Action No. 14-1477-GMS |
| | ) |
| DANIEL T. CONWAY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiffs James Coppedge ("J. Coppedge") and Krisha Johnson Coppedge ("K. Coppedge) (together "the plaintiffs") filed this action as a "Notice of Appeal" from a final order of the Supreme Court of Delaware to the Controller of Currency, U.S. Treasury Department, the Justice Department, and the U.S. District Court of Delaware. (D.I. 1.) On January 12, 2015, the court denied the plaintiffs' motion to stay/injunction and dismissed the complaint for want of subject matter jurisdiction. (*See* D.I. 6, 7.) On January 14, 2014, the plaintiffs filed an amended complaint. (D.I. 9.) On January 23, 2015, the plaintiffs filed a motion for reargument, construed by the court as a motion for reconsideration. (D.I. 10.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not

1

properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The plaintiffs move for reconsideration on the grounds that the court failed to consider the evidence of debt discharge. In addition, the plaintiffs contend that the law has been broken and that opposing counsel and registered agents have all helped to put fraud upon the court. The plaintiffs asked that their petition be affirmed with prejudice. The relief the plaintiffs seek is not available to them. The court has reviewed the pleadings and evidence of record and finds reconsideration is not appropriate. In addition, the court finds that the plaintiffs have failed to demonstrate any grounds for reconsideration. Accordingly, the court will deny the motion for reconsideration.

\_\_Feb 5\_\_, 2015
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

2