IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES COPPEDGE and<br>KRISHA JOHNSON COPPEDGE,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL T. CONWAY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 14-1477-GMS<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM**

### I. Background

The plaintiffs James Coppedge ("J. Coppedge") and Krisha Johnson Coppedge ("K. Coppedge) (together "the plaintiffs") filed this action as a "Notice of Appeal" from a final order of the Supreme Court of Delaware to the Controller of Currency, U.S. Treasury Department, the Justice Department, and the U.S. District Court of Delaware. (D.I. 1.) On January 12, 2015, the court denied the plaintiffs' motion to stay/injunction and dismissed the complaint for want of subject matter jurisdiction. (*See* D.I. 6, 7.) The plaintiff then filed an amended complaint and a motion for reconsideration. (D.I. 9, 10.) On February 5, 2015, the court denied the plaintiffs' motion for reconsideration. (D.I. 17.)

### II. Discussion

Before the court are the defendants' motion to dismiss the amended complaint, and the plaintiffs' motion for an extension of time to file an appeal, motion to quash the defendants' motion to dismiss, and motion to dismiss appellees' claim of right to mortgage foreclosure due to fraud. (D.I. 18, 19, 20, 21.)

The court will grant the motion to dismiss the amended complaint. (D.I. 18.) This matter was dismissed for want of jurisdiction and the court did not give the plaintiffs leave to amend. Further, the amended complaint was filed in derogation of Fed R. Civ. P. 15(a)(2). In addition, the court will deny the plaintiffs' motion to quash the defendants' motion to dismiss. (D.I. 20.)

On February 19, 2015, the plaintiffs filed a motion for an extension of time to file an appeal of the court's February 5, 2015 order pending an outcome of a report and/or decision from the regulating agencies for ASC and RTS. (D.I. 19.) Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), the Court may grant the plaintiffs' motion only if it was filed no later than thirty (30) days after the expiration of the time originally prescribed by Rule 4(a)(1), and they show either excusable neglect or good cause.

The plaintiffs seek an extension of time to appeal the February 5, 2015 order. The plaintiffs indicate that they need to wait for the decision of regulating agencies as to whether the defendants will concede and withdraw their alleged claims and issue a certificate of debt discharge to release two liens on the title against the property at issue. The plaintiffs do not indicate when they expect the regulating agencies' decision(s).

As to the time requirement, the court issued its order denying the plaintiffs' motion for reconsideration on February 5, 2015. The Federal Rules of Appellate Procedure require that a notice of appeal in a civil case be filed within 30 days after the order appealed from is entered on the district court's docket. *See* Fed. R. App. P. 4(a)(1)(A). Here, the order denying the plaintiffs' motion for reconsideration was entered February 5, 2015. Pursuant to the Rule, they were required to file the motion for an extension of time to appeal the order no later than March 9, 2015. The plaintiffs' motion for an extension of time to file an appeal was timely under Rule 4(a)(5).

The court must also determine whether the plaintiffs have demonstrated excusable neglect or good cause. Factors to consider in determining whether excusable neglect exists include: "(1) the danger of prejudice to the [nonmovant]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *In re Diet Drugs Product Liability Litigation*, 401 F.3d 143, 153-54 (3d Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97 (1993)). As for determining if there is good cause to grant an extension, the "good cause standard applies in situations in which there is no fault - excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note (2002 amendments).

In this case, the plaintiffs seek an extension of time because they are awaiting the outcome of a report or decision from regulating agencies. The plaintiffs proceed *pro se* and appear to be under the impression that any such rulings will have an effect on the outcome of this case. Given the plaintiffs' *pro se* status and turning to Rule 4(a)(5)(A)(ii), the court concludes that there is good cause for granting an extension. More specifically, the plaintiffs made a good faith effort in filing the motion without delay. In addition, denying the motion would produce a harsh result for the plaintiffs. Therefore, the Court will grant the motion for an extension of time to file a notice of appeal.

Pursuant to Fed. R. App. P. 4(a)(5)(C), "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Here, because the later period of time is 14 days after the

3

date of this order granting the motion, the court will enlarge the time to file a notice of appeal for 14 days beyond the date of the entry of this order.

The court will deny as moot the plaintiffs' motion to dismiss the appellees claim or right to mortgage foreclosure due to fraud. (D.I. 21.)

## III. Conclusion

For the above reasons, the court will: (1) grant the defendants' motion to dismiss the amended complaint (D.I. 18); (2) grant the plaintiffs' motion for an extension of time to file an appeal (D.I. 19); (3) deny the plaintiffs' motion to quash the defendants' motion to dismiss (D.I. 20); and deny as moot the plaintiffs' motion to dismiss appellees' claim of right to mortgage foreclosure due to fraud (D.I. 21.)

An appropriate order will be issued.

UNITED STATES DISTRICT JUDGE

April 15, 2015
Wilmington, Delaware