IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES COPPEDGE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. Action No. 14-1477-GMS |
| | ) |
| DANIEL T. CONWAY, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

The plaintiffs James Coppedge ("J. Coppedge") and Krisha Johnson Coppedge ("K. Coppedge) (together "the plaintiffs") filed this action as a "Notice of Appeal" from a final order of the Supreme Court of Delaware to the Controller of Currency, U.S. Treasury Department, the Justice Department, and the U.S. District Court of Delaware. (D.I. 1.) On January 12, 2015, the court denied the plaintiffs' motion to stay/injunction and dismissed the complaint for want of subject matter jurisdiction. (*See* D.I. 6, 7.) On January 14, 2014, the plaintiffs filed an amended complaint. (D.I. 9.) On January 23, 2015, the plaintiffs filed a motion for reargument, construed by the court as a motion for reconsideration and it was denied on February 5, 2015. (D.I. 10, 16, 17.) J. Coppedge recently filed a petition to access process of service in future filing due to error. (D.I. 35.) While not clear, it appears to be a second motion for reconsideration

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new

1

evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

J. Coppedge states that the "Clerk of Court mistakenly allowed me to file Form 440's[1] in this matter by signing off on it, unless it was my fault. Copies are on file. However, had I known or understood that it was not Okay, I would have instead moved for the case to be reopened at that time before causing myself the additional expense. Motion to approve the service, if appropriate." (D.I. 35.) The relief J. Coppedge seeks is not available to him. The case was dismissed for want of jurisdiction and as barred by the *Rooker-Feldman* Doctrine. Given that jurisdiction may be raised by the court at any time, the issue of service of process is not relevant to dismissal of the case. Moreover, there is no basis for the court to reopen the case. The court has reviewed the pleadings and evidence of record and finds reconsideration is not

---

[1] A form 440 is AO 440 Summons in a Civil Action that contains a proof of service of summons.

2

appropriate. In addition, the court finds that J. Coppedge has failed to demonstrate any grounds for reconsideration. Accordingly, the court will deny the motion for reconsideration.

_____
UNITED STATES DISTRICT JUDGE

July 17, 2015
Wilmington, Delaware